```
MJF:DSS
F.#2007R00812
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

IN THE MATTER OF
THE EXTRADITION OF                                  08 M 971 (CLP)

DARIUSZ SZEPIETOWKSI


- - - - - - - - - - - - - - - - - X


## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF EXTRADITION

```
                                    BENTON J. CAMPBELL
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York  11201




DANIEL S. SILVER
Assistant U.S. Attorney
     (Of Counsel)
```

PRELIMINARY STATEMENT

The government submits this memorandum in support of its request that the Court issue a Certificate of Extraditability as to the fugitive Dariusz Szepietowski. For the reasons set forth below, the government's request should be granted.

BACKGROUND

On May 30, 2003, an arrest warrant was issued for Dariusz Szepietowski by Judge Beata Wolosik of the Regional Court of Bialystok, Poland, charging Szepietowski with bribery, in violation of Articles 229 and 12 of the Criminal Code of Poland, and with fraudulently obtaining false motor vehicle registrations, in violation of Articles 272, 273 and 12 of the Criminal Code of Poland.

At the request of Polish authorities, on October 29, 2008, the government obtained an arrest warrant for Szepietowski issued by the Honorable Viktor V. Pohorelsky. On November 25, 2008, Szepietowski was arrested in Brooklyn, New York pursuant to that warrant and was arraigned before Your Honor. On November 26, 2008, Szepietowski appeared for a detention hearing before United States Magistrate Judge Lois Bloom. Judge Bloom denied Szepietowski's bail application and entered a permanent order of detention. On December 3, 2008, a status conference was held before Your Honor. At that conference, copies of the documents received from Poland in support of the request for extradition

were provided to the Court and to opposing counsel. In addition, these materials (hereinafter referred to as the "Extradition Request") have been attached hereto as Exhibit A.[1]

ARGUMENT

THE GOVERNMENT OF POLAND HAS SATISFIED
ITS EXTRADITION TREATY OBLIGATIONS AND THE
COURT SHOULD ISSUE A CERTIFICATE OF EXTRADITABILITY

A. Applicable Law

Under Title 18, United States Code, Section 3184, the examining judicial officer must hold a hearing to determine whether a person arrested pursuant to a complaint in the United States on behalf of a foreign government is subject to surrender to the requesting state under the terms of the pertinent treaty and relevant law. See In re Extradition of Hon-Ming, No. 06-M-0296 (RLM), 2006 U.S. Dist. LEXIS 88326, at *8-9 (E.D.N.Y. Dec. 6, 2006). A magistrate judge is authorized to act as an extradition officer under 18 U.S.C. § 3184. Id. at *10; Lo Duca v. United States, 93 F.3d 1100, 1109 (2d Cir. 1996).

---

[1] The Extradition Request consists of: 1) a copy of the extradition treaty between the United States and Poland; 2) the Declaration of Kenneth R. Propp, Attorney-Advisor for the Department of State; 3) a diplomatic note from the Embassy of Poland; 4) the certification of the United States Consul General at Warsaw, Poland; and 5) Polish and English translations of several documents received from the Polish government, including: a request for provisional arrest and extradition dated July 11, 2006; the decision on the request for provisional arrest issued by the Polish Regional Court on May 30, 2003; an excerpt from the Criminal Code of Poland; and summaries of interviews with several witnesses.

The inquiry in extradition proceedings is "exceedingly narrow" and "the Court does not determine the ultimate guilt or innocence of the individual whose extradition is sought." Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *9; see also Charlton v. Kelly, 229 U.S. 447, 449 (1913); Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981); United States v. Pena-Bencosme, No. 05-M-1518 (SMG), 2006 U.S. Dist. LEXIS 82579, at *6-7 (E.D.N.Y. Nov. 13, 2006); In re Extradition of Ernst, No. 97 Crim. Misc. 1, 1998 U.S. Dist. LEXIS 10523, at *4 (S.D.N.Y. Jul. 14, 1998).  If the Court decides that the elements necessary for extradition are present, the Court shall issue findings of fact and conclusions of law styled as a Certificate of Extraditability, which is forwarded to the Department of State for disposition by the Secretary of State.  See Shapiro v. Ferrandina, 478 F.2d 894 (2nd Cir. 1973).  "In determining whether to certify extraditability, the Court must liberally construe the applicable treaty to effect its underlying purpose of delivering criminals to justice." Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *18-19; see also Spatola v. United States, 741 F. Supp. 362, 371 (E.D.N.Y. 1990), aff'd, 925 F.2d 615 (2d Cir. 1991)(citations omitted).

If the fugitive is determined to be extraditable, he is committed to the custody of the United States Marshal to await a determination by the Secretary of State and transfer to representatives of the requesting state.  18 U.S.C. § 3184.  The

3

Court's Certificate of Extraditability is provided to the Secretary of State, together with a copy of the record of the extradition hearing. Id. The final decision to surrender the fugitive rests with the Secretary of State. Id.

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Evidence apply to extradition proceedings. See Fed. R. Crim. P. 1(a)(5)(A) (providing that the Federal Rules of Criminal Procedure do not apply to "the extradition and rendition of a fugitive"); Fed. R. Evid. 1101(d)(3) ("[t]he rules (other than with respect to privileges) do not apply . . . [to p]roceedings for extradition or rendition"). Consequently, hearsay evidence is admissible and may support a finding of extraditability. See Collins v. Loisel, 259 U.S. 309, 317 (1922); Simmons v. Braun, 627 F.2d 635, 636 (2d Cir. 1980); In re Extradition of Tuniewicz, No. 06-M-1059 (VVP), 2007 U.S. Dist. LEXIS 25789, at *8 (E.D.N.Y. Apr. 6, 2007).

Moreover, an extraditee's right to controvert the evidence introduced against him is limited to testimony which explains rather than contradicts the demanding country's proof. Shapiro, 478 F.2d at 901; see also Pena-Bencosme, 2006 U.S. Dist. LEXIS 82579, at *9-10; In re Extradition of McMullen, 769 F. Supp. 1278, 1292 (S.D.N.Y. 1991). He may not introduce evidence that does any of the following: (1) conflicts with the evidence submitted on behalf of the demanding state, Collins, 259 U.S. at

4

315-17; (2) establishes an alibi, Abu Eain v. Adams, 529 F. Supp. 685 (N.D. Ill. 1980); (3) sets up an insanity defense, Charlton, 229 U.S. at 462; or (4) impeaches the credibility of the demanding country's witnesses, Germany v. United States, Civ. No. 06-1201 (DLI), 2007 U.S. Dist. LEXIS 65676, at *25-26 (E.D.N.Y. Sep. 5, 2007).  Courts have held that even if these limitations against the extraditee's right to controvert the evidence against him were not in effect, evidence introduced by the extraditee that "merely raises doubts about the reliability of the government's proof is insufficient to defeat an extradition request."  Pena-Bencosme, 2006 U.S. Dist. LEXIS 82579, at *35; In re Extradition of Singh, 170 F. Supp. 2d 982, 1013 (E.D. Cal. 2001); United States v. Fernandez-Morris, 99 F. Supp. 2d 1358, 1361 (S.D. Fla. 1999); Freedman v. United States, 437 F. Supp. 1252, 1266 (N.D. Ga. 1977).

For these reasons, extradition treaties do not contemplate the introduction of testimony of live witnesses at extradition proceedings because to do so "would defeat the whole object of the treaty." Shapiro, 478 F.2d at 902, quoting Bingham v. Bradley, 241 U.S. 511, 517 (1916).  Indeed, unique rules of wide latitude govern reception of evidence in extradition hearings.  In re First National City Bank of New York, 183 F. Supp. 865, 871 (S.D.N.Y. 1960).  As noted above, hearsay is admissible in extradition proceedings.  In addition, a finding of extraditability may be, and typically is, based entirely on

5

documentary evidence.  Shapiro, 478 F.2d at 902-03; O'Brien v. Rozman, 554 F.2d 780, 783; In re Extradition of Edmonson, 352 F. Supp. 22, 24 (D. Minn. 1972).  Documentary proof is admissible, provided it has been authenticated so as to entitle it to be admissible in the requesting jurisdiction.  18 U.S.C. § 3190; see also Article 10, Extradition Treaty Between the United States of America and the Republic of Poland, signed July 10, 1996, entered into force on September 17, 1999 (the "Extradition Treaty" (included within Exhibit A)).

In addition, defenses against extradition which "savor of technicality," Bingham, 241 U.S. at 517, should be rejected by the Court as they are peculiarly inappropriate in dealings with a foreign nation.  An extradition hearing is not the appropriate venue for the parties or the Court to explore the motives of the requesting state, see, e.g., In re Gonzalez, 217 F. Supp. 717, 722 n.15 (S.D.N.Y. 1963); In re Lincoln, 228 Fed. 70, 74, (E.D.N.Y. 1915); see also In re Extradition of Singh, 123 F.R.D. 127, 129-37 (D.N.J. 1987)(citing cases on doctrine of non-inquiry), or whether the Secretary of State should surrender the fugitive to the requesting state, see Lo Duca, 93 F.3d at 1104.

The Court must issue a certificate of extraditability pursuant to U.S.C. § 3184 when: (1) there is a valid extradition treaty between the United States and the requesting country; (2) there are criminal charges pending against the extraditee and the

required documents have been presented, translated and duly authenticated by the United States Consul; (3) there is probable cause to believe the individual arrested is the individual sought; (4) there is probable cause to believe the extraditee committed the offenses charged; and (5) the offenses charged are extraditable and dual criminality is established.  See Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *11; In re Extradition of Waters, No. 03-M-1072 (CLP), 2003 U.S. Dist. LEXIS 24399, at *2 (E.D.N.Y. Nov. 24, 2003); Ernst, 1998 U.S. Dist. LEXIS 10523, at *4; see also Collins, 259 U.S. at 314-17.

B.  Application of Law

In this case, the documents submitted by the Government of Poland and the accompanying sworn declarations from the United States Department of State plainly satisfy the requirements for issuance of a Certificate of Extraditability.

1.  A Valid Treaty Exists

The declaration of Kenneth R. Propp, an Attorney-Adviser in the Office of the Legal Adviser, United States Department of State, filed along with the Extradition Request, establishes that there is a valid treaty of extradition between the United States and Poland.  A copy of the treaty is attached to the original Propp declaration that has been filed with the Court, and an additional copy of the treaty is included within Exhibit A appended to this submission.

7

## 2. Criminal Charges are Pending Against Szepietowski and the Documents Have Been Properly Presented and Authenticated

The Extradition Request clearly states that criminal charges are pending against Szepietowski in Poland, and an arrest warrant has been issued for him. (See Request for Provisional Arrest and Extradition, dated July 11, 2006, at 2-3).[2] Indeed, although the crimes charged occurred between February 1998 and February 1999, they are not barred by the applicable Polish statute of limitations. (See Request for Provisional Arrest and Extradition, at 3; Excerpt from Polish Criminal Code, at 18-19).[3]

In addition, the documents received from Poland are properly authenticated under 18 U.S.C. § 3190 since they are accompanied by a certificate from Lisa A. Piascik, the Consul General of the United States at Warsaw, Poland, establishing that they would be admissible for similar purposes in the courts of

---

[2] The English translations of the documents received from Poland in support of the extradition request have been page numbered sequentially from 1 through 28. The Request for Provisional Arrest and Extradition appears at pages 2 through 3. Below, the government refers to each of the documents received from Poland by sequential page number.

[3] The Criminal Code of Poland specifies that the applicable statutes of limitations for the crimes charged range from 5 to 15 years. (See Criminal Code of Poland, Article 101, at 18). In addition, the Criminal Code of Poland specifies that the initiation of criminal proceedings in Poland tolls any otherwise applicable statute of limitations by a period of 5 or 10 years, depending on the severity of the crime charged. (See Criminal Code of Poland, Article 102, at 18).

Poland.  See Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *24 ("The diplomatic or consular officer's certificate is conclusive on the propriety and legality of the underlying authentications."); see also Messina v. United States, 728 F.2d 77, 80 (2d. Cir. 1984); Galanis v. Pallanck, 568 F.2d 234, 230 (2d Cir. 1977).

    3.    <u>There Is Probable Cause Establishing the Identity of Szepietowski</u>

Darisuz Szepietowski is named in the arrest warrant and underlying extradition documents as the defendant in the pending criminal matter in Poland.  In addition, the date of birth of the extraditee, September 28, 1960, matches the date of birth on file with the United States Department of Homeland Security for the Darisuz Szepietowski arrested on November 25, 2008.  Finally, the government has received a photograph of the extraditee from the Polish authorities, which is attached hereto as Exhibit B.  This photograph, while outdated, appears to depict the same individual currently in custody.  Accordingly, there is probable cause to believe that the person named in the Extradition Request is the fugitive before Your Honor.

    4.    <u>There Is Probable Cause To Believe Szepietowski Committed the Offenses Charged</u>

The fugitive Darisuz Szepietowski is duly and legally charged with having committed, in the jurisdiction of Poland, the crimes of fraudulently obtaining false motor vehicle registrations, in violation of Articles 272 and 273 of the

9

Criminal Code of Poland, and with bribery of public officials, in violation of Article 229 of the Criminal Code of Poland. (See Decision on Provisional Arrest, at 4-13). Both sets of charges stem from Szepietowski's bribery of vehicle inspection technicians to obtain false inspection certificates. (See Request for Provisional Arrest, at 2-3). These certificates falsely stated that the vehicles had been converted for commercial use. (Id.) Szepietowksi used the false certifications to register and resell the vehicles. (Id.)

The standard of probable cause used in extradition proceedings is a low standard, and the "evidence presented need only support a reasonable belief that [the accused] was guilty of the crimes charged." Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *22-23, quoting Austin v. Headley, 5 F.3d 598, 605 (2d Cir. 1993)(internal quotations omitted); see also Pena-Bencosme, 2006 U.S. Dist. LEXIS 82579, at *26 ("To support an extradition request, the prosecution need only meet the relatively modest burden of demonstrating probable cause."); In re Extradition of Atta, 706 F. Supp. 1032, 1050 (E.D.N.Y. 1989)("Evidence must be produced that is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.") In addition, the law is clear in this Circuit that "hearsay evidence, including multiple hearsay and the unsworn statements of absent witnesses, is

admissible at extradition hearings and may support a finding of extraditability." Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *27, citing Simmons, 627 F.2d at 636; see also Pena-Bencosme, 2006 U.S. Dist. LEXIS 82579, at *7; Marzook v. Christopher, 924 F. Supp. 565, 592 (S.D.N.Y. 1996). Indeed, "a determination of probable cause in an extradition proceeding may rest entirely on hearsay." In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y. 1973), citing Shapiro, 478 F.2d at 905.

Here, in issuing a provisional arrest warrant, the Regional Court in Bialystok, Poland determined that probable cause existed that Szepietowski committed the crimes charged. (See Decision on Provisional Arrest, at 12). In addition, the Polish government has submitted statements of several witnesses in support of its extradition request. (See Extradition Request at 20-28). First, Poland has submitted the statement of Bozena Ewelina Szepietowska, the extraditee's former wife and business partner. (Id. at 20-22). Szepietowska stated that she was part owner of the Roberts Limited Liability Company ("Roberts"). (Id. at 20). Roberts leased and sold automobiles. (Id. at 21). Beginning in February 1998, Roberts contracted with Dariusz Szepietowski to oversee the alteration of private vehicles for commercial use, and to obtain the necessary certifications. (Id. at 21-22). Szepietowski would periodically provide registrations

11

reflecting such alteration to the Roberts firm, and submit invoices for payment. (Id.).

Poland has also submitted the statement of Grzegorz Kropiewnicki, the manager of a vehicle control station in Bialystok. (Id. at 23-24). Kropiewnicki stated that, although he did not personally know Szepietowski, he recalled a representative of the Roberts firm for whom Kropiewnicki provided vehicle inspection certificates and certificates of alteration without actually inspecting the vehicles. (Id. at 24).

In addition, Poland has submitted the statement of Tomasz Zbigniew Supron, a vehicle diagnostic technician. (Id. at 25-26). Supron stated that he worked at a vehicle control station in Bialystok in 1998. (Id. at 26). Supron stated that a man matching Sziepowski's description who represented the Roberts firm periodically came to the vehicle inspection station to obtain inspection certificates. (Id. at 26). Supron stated that this individual paid the vehicle technicians to provide fraudulent inspection certificates. (Id.)

Finally, Poland has provided the statement of Tomasz Gasowksi, a vehicle inspection technician. (Id. at 27-28). Gasowski also stated that he received payment from a representative of the Roberts firm to provide certificates of inspection without actually inspecting the vehicles. (Id. at 28).

12

Since the extradition materials have been properly authenticated by the United States consular officer in Poland, the Court must accept "as true all the statements and offers of proof" in the supporting documents, and "the question of the weight or reliability of that evidence is not an appropriate consideration in an extradition proceeding." Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *24-25; see also Marzook, 924 F. Supp. at 592.

Thus, this evidence establishes probable cause to believe that Dariusz Szepietowski perpetrated the crimes for which he has been charged in Poland.

5. The Offense Charged Is Extraditable - Dual Criminality Is Established

The extraditablity of the offense charged is governed by Article 2 of the Extradition Treaty. The Extradition Treaty provides that "[a]n offense shall be [] extraditable [] if it is punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year . . ." Extradition Treaty, Art. 2. Thus, the treaty definition of extraditable offenses embodies the requirement of dual criminality, which in this case requires that the fugitive's offenses must be punishable both in Poland and the United States by a term of imprisonment in excess of one year. This conforms with case law in this Circuit as to the requirement of dual criminality when extradition is sought by a foreign state. See

13

Hon-Ming, 2006 U.S. Dist. LEXIS 88326, at *13; Spatola, 741 F. Supp. at 371.

As described above, Szepietowski is charged with bribing public officials in order to influence the performance of an official duty, and with fraudulently obtaining false motor vehicle registrations. (See Request for Provisional Arrest, at 2-3). These crimes are punishable under the Criminal Code of Poland by up to ten and three years, respectively. (See Excerpt of Criminal Code of Poland, at 18).

Bribery and fraud are also unlawful in the United States. These offenses have several corollaries under New York State and federal law. Federal law prohibits giving anything of value to a public official with the intent to influence that official in the performance of an official act. See 18 U.S.C. § 201(b)(1)(A).[4] This offense is punishable by up to fifteen years incarceration. See 18 U.S.C. § 201(b). In addition, New York State prohibits conferring any benefit upon a public servant pursuant to an agreement that such public servant's official actions will be influenced thereby. See N.Y. Penal Law §

---

[4] The federal statute defines "public offical" as any federal official. See 18 U.S.C. § 201(a). However, this jurisdictional limitation is inapposite. The Extradition Treaty explicitly states that dual criminality may be established irrespective of elements of an offense otherwise necessary to establish federal jurisdiction. See Extradition Treaty, Art. 2 ¶ 3(b).

14

200.00.[5] Such conduct is defined as bribery in the third degree and is classified as a class D Felony, which is punishable by up to seven years incarceration. See N.Y. Penal Law §§ 200.00, 70.00(2)(d).

In addition, fraud is also a crime under federal and state law. Pursuant to 18 U.S.C. § 1341, it is unlawful to "devise[]" . . . any scheme or artifice to defraud, or [to] obtain[] money or property by means of false or fraudulent pretenses . . ."[6] This offense is punishable by up to 20 years incarceration. See 18 U.S.C. § 1341. Moreover, New York State has a multitude of statutes prohibiting fraud, forgery and the use and possession of false instruments. Szepietowski's conduct would constitute a felony offense under several such statutes. For example, possession of a forged instrument with intent to defraud is a Class D Felony when, inter alia, the forged instrument is a false written document "officially issued or created by a public office, public servant or government instrumentality[.]" N.Y. Penal Law §§ 170.25, 170.10(3). In addition, the crime of offering a false instrument for filing in

---

[5] A "public servant" is defined as "any public officer or employee of the state or of any political subdivision thereof or of any government instrumentality within the state. . ." N.Y. Penal Law § 10.00(15).

[6] As noted above, the jurisdictional element of use of the mail is inapposite, since the Extradition Treaty expressly obviates satisfaction of that element. See Treaty, Art. 2 ¶ 3(b).

15

the first degree, a class E felony, prohibits the filing of any false document with the state or with any government office with the intent to defraud. See N.Y. Penal Law § 175.35.[7]

Accordingly, under both the law of Poland and the laws of the United States, each of Dariusz Szepietowski's offenses are crimes that are punishable by a term of imprisonment in excess of one year. Therefore, the offenses are extraditable pursuant to Article 2 of the Extradition Treaty.[8]

---

[7] A class E felony is punishable by up to four years incarceration. See N.Y. Penal Law § 70.00(2)(e).

[8] It is not necessary that the name by which the crime is described be the same or that the sentence for the crime be the same in both countries. Rather, all that is required is that the particular act charged is criminal in both countries and that it meets the requirements of the treaty between the two countries. See Collins, 259 U.S. at 312; Lo Duca, 93 F.3d at 1111-12; Messina, 728 F.2d at 79.

16

CONCLUSION

    For the foregoing reasons, the government respectfully requests that the Court issue a Certificate of Extraditability as to the fugitive Dariusz Szepietowski so that he may be extradited to Poland for further proceedings.

Dated:  Brooklyn, New York
     December 15, 2008

              Respectfully submitted,

              BENTON J. CAMPBELL
              United States Attorney
              Eastern District of New York

           By: /s/ Daniel S. Silver
              Daniel S. Silver
              Assistant U.S. Attorney
              (718) 254-6034


cc: Michael Musa-Obregon, Esq. (By Federal Express and ECF)
   Clerk of the Court (CLP) (By ECF)